UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JABIL, INC.,

    Plaintiff,

v.

                      CASE No. 8:21-mc-39-KKM-SPF
                      CASE No. 8:21-mc-56-KKM-SPF
                      CASE No. 8:21-mc-57-KKM-SPF
                      CASE No. 8:21-mc-58-KKM-SPF
                      CASE No. 8:21-mc-62-KKM-SPF[1]

ESSENTIUM, INC.,

    Defendant.
_____/

## ORDER

As part of its discovery efforts in the underlying action, *Jabil, Inc. v. Essentium, Inc., et al.*, case no. 8:19-cv-1567-KKM-SPF, Defendant Essentium subpoenaed documents pursuant to Rule 45 from several non-parties including Milacron, LLC; Hewlett-Packard, Co.; 3D Systems Corporation; Xerox, Corporation; and Desktop Metal, Inc. (hereinafter "the Non-Parties"). *See* Case No. 8:21-mc-39-KKM-SPF (Doc. 1-4, Subpoena to Produce Documents from Milacron, LLC); Case No. 8:21-mc-56-KKM-SPF (Doc. 1-3, Subpoena to Produce Documents from Hewlett-Packard, Co.); Case No. 8:21-mc-57-KKM-SPF (Doc. 1-4, Subpoena to Produce Documents from 3D Systems Corp.); Case No. 8:21-mc-58-KKM-SPF (Doc. 1-3, Subpoena to Produce Documents from Xerox, Corp.); and Case

---

[1] These cases were transferred to this Court from the Southern District of Ohio, Eastern Division; the Southern District of Florida; the Northern District of Florida; the Northern District of Florida; and the District of Massachusetts, Western Division, respectively pursuant to Fed.R.Civ.P. 45(f).

No. 8:21-mc-62-KKM-SPF (Doc. 1-3, Subpoena to Produce Documents from Desktop Metal, Inc.). Before the Court are Plaintiff Jabil, Inc.'s motions to quash Defendant Essentium, Inc.'s subpoenas to the Non-Parties, and Defendant Essentium, Inc.'s responses in opposition (Case No. 8:21-mc-39-KKM-SPF (Docs. 1, 18); Case No. 8:21-mc-56-KKM-SPF (Docs. 1, 13)); Case No. 8:21-mc-57-KKM-SPF, Docs. 1, 7); Case No. 8:21-mc-58-KKM-SPF (Docs. 1, 5); Case No. 8:21-mc-62-KKM-SPF (Docs. 1, 12)).[2]

## Discussion

In the motions to quash, Jabil asserts a need to protect its confidential and proprietary information in the possession of the Non-Parties. "[O]rdinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action," except when the objecting party claims some personal right or privilege with regard to the documents sought." *Quillet v. Jain*, case no. 6:12-cv-1283-Orl-28TBS, 2014 WL 1918046 (M.D. Fla. 2014) (quoting 9A Charles Alan Wright, Arthur R. Miller, Mary K. Kane, and Richard L. Marcus, *Federal Practice and Procedure* § 2459 (3d ed. 2012)). Rule 45 contemplates quashing a subpoena that calls for disclosure of a trade secret or confidential business information. *Rail Trusts Locomotive Leasing, LLC v. SunCoke Energy, Inc.*, 2016 WL 8929072, at *2 (M.D. Fla. 2016); Rule 45(d)(3). Because Jabil asserts a need to protect its confidential and proprietary information from disclosure, the Court finds Jabil has standing to seek to quash the subpoenas.

---

[2] In addition, with leave of Court, Jabil filed replies in Case Nos. 8:21-mc-39-KKM-SPF, 8:21-mc-57-KKM-SPF, 8:21-mc-58-KKM-SPF, and 8:21-mc-62-KKM-SPF.

The Court turns to Jabil's contentions in support of its motions to quash. It is well-settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26. *Meide v. Pulse Evolution Corp.*, case no. 3:19-cv-1037-J-34MCR, 2019 WL 1518959 (M.D. Fla. 2019). In the underlying action, the parties' entered into a stipulated supplemental protective order governing discovery ("Stipulated Protective Order" (Doc. 64)). Essentium asserts that the Stipulated Protective Order, which requires third parties to produce documents responsive to subpoenas simultaneously to both Jabil and Essentium, sets forth the way in which the Non-Parties must comply with the subpoenas. In addition to the Stipulated Protective Order, however, the Court entered an order limiting the scope of discovery regarding Jabil's proprietary Roadrunner program "to the TenX technology and parts that are incorporated into the Roadrunner program." *See* Order, case no. 19-cv-1567-KKM-SPF, Doc. 168 ("Roadrunner Protective Order"). Therefore, in resolving the motions to quash, the Court must determine whether the subpoenas seek information subject to the Roadrunner Protective Order.

**A. Subpoenas for information subject to the Roadrunner Protective Order**

According to Jabil, four of the Non-Parties (Milacron, 3D Systems, Xerox, and Desktop Metal) are "completely unfamiliar" with TenX because Jabil did not explore business relationships with these companies until after its transition from TenX to Roadrunner.[3] Therefore, the information sought is subject to the Roadrunner Protective

---

[3] Pointing to Jabil's response to interrogatory 10 that identified Milacron, Desktop Metal, and Xerox as "third parties with which Jabil has developed or entered into agreements of any kind concerning the use of any feature or component of its TenX 3D printer," Essentium charges Jabil with "reversing its position" as to the timing of certain Non-Parties' involvement with Jabil and its 3D printer programs. The Court finds that Jabil's

Order. Without knowing what TenX technology and parts are incorporated into the Roadrunner program, however, Milacron, 3D Systems, Xerox, and Desktop Metal, each lacks the ability to determine which documents in their possession are protected from disclosure by the Roadrunner Protective Order. To address this issue, Jabil proposes a multi-step plan: 1) that the Non-Parties be permitted to produce documents pursuant to the subpoenas to Jabil; 2) that Jabil would review the documents and provide all responsive, non-privileged documents with an appropriate confidentiality designation, along with a log of any documents withheld on the basis of privilege. Essentium opposes this plan, instead asking that the parties utilize the procedures set forth in the Stipulated Protective Order.

The Court, however, has already found it necessary to provide additional protection to the proprietary Roadrunner program beyond what is set forth in the Stipulated Protective Order. The Court recognizes the validity of Jabil's concern that Non-Parties Milacron, 3D Systems, Xerox, and Desktop Metal, who had no involvement and no familiarity with TenX, would not be capable of identifying which documents relating to Roadrunner are protected from disclosure. Therefore, except as to Request No. 6, the Court adopts, in part and modifies in part, Jabil's proposed multi-step procedure as follows: 1) Milacron, 3D Systems, Xerox, and Desktop Metal shall produce to Jabil all nonprivileged documents responsive to the applicable subpoena; 2) Jabil shall review the documents and provide all those documents not protected from disclosure by the

---

response to interrogatory 10 is not inconsistent with the Declaration of John Dulchinos as it is recognized that Roadrunner includes features and components of TenX.

Roadrunner Protective Order or a claim of privilege to Essentium. In addition, Jabil shall produce a log of any documents withheld on the basis of the Roadrunner Protective Order or any claim of privilege by Jabil.[4] To the extent that Milacron, 3D Systems, Xerox, or Desktop Metal assert a claim of privilege, information covered by the privilege may be withheld from production to Jabil and Essentium so long as an appropriate privilege log is provided.

Additionally, the Court notes that Request 6 in each of the subpoenas requests that the Non-Parties produce documents and communications from Jabil and the Non-Parties about Essentium, any of the defendants in the underlying litigation, Essentium's HSE printer, or the lawsuit filed by Jabil. According to Essentium, Request 6 "has nothing to do with a trade secret," and the Non-Parties should be instructed to respond because "[n]o privilege, secret, or other protection shields this relevant information, which might reveal information tending to show bias, motive, a statement against interest, etc." Upon consideration, the Court agrees, and directs that the Non-Parties produce nonprivileged documents responsive to Request 6 to Jabil and Essentium simultaneously in accordance with the Stipulated Protective Order.

The Court is not persuaded by Jabil's request to quash the subpoenas in their entirety due to the likelihood that documents in the Non-Parties' possession are duplicative of documents Jabil has already produced. The Non-Parties do not appear to

---

[4] Documents that discuss or address "the TenX technology and parts that are incorporated into the Roadrunner program" but also discuss or address further developments or enhancements to such technology and parts should be produced, to extent practical, with appropriate redactions.

have objected to the subpoenas on burdensomeness grounds. Typically, a party would not have "standing to quash the subpoenas on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds." *Auto-Owners Ins. Co. v. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). Here, Jabil's concern is its own time and expense required to review the documents produced by the Non-Parties, not the Non-Parties' time and expense complying with the subpoenas. Jabil's burden, however, is self-imposed. Upon consideration, the Court declines to quash the subpoenas due to the expense and time involved in Jabil's review of the documents produced by the Non-Parties.

**B. Subpoena for information not subject to the Roadrunner Protective Order**

With respect to Essentium's subpoena to Hewlett-Packard, Jabil pitched its TenX printer to Hewlett-Packard in 2017 before Jabil fired its hardware team and developed its Roadrunner program. Because Hewlett-Packard's relationship with Jabil pre-dated the Roadrunner program, any responsive documents that Hewlett-Packard has in its possession could not pertain to the Roadrunner program. Therefore, the Roadrunner Protective Order is inapplicable. Accordingly, Hewlett-Packard shall produce non-privileged documents to Jabil and Essentium simultaneously in accordance with the Stipulated Protective Order. If documents are withheld on the basis of privilege, Hewlett-Packard shall produce a privilege log.

After consideration, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Quash Defendant's Subpoena to Milacron, LLC (Doc. 1, case no. 8:21-mc-39-KKM-SPF) is GRANTED in part and DENIED in part. No later than **May 20, 2021**, Non-Party Milacron is directed to produce to Jabil and Essentium all nonprivileged documents responsive to Request 6 of the Subpoena (Doc. 1-4). Milacron is directed to produce nonprivileged documents responsive to Requests 1-5 and 7-11 directly to Jabil. To the extent that Milacron withholds any document on the basis of a claim of privilege, it shall provide Jabil and Essentium an appropriate privilege log.

2. Plaintiff's Motion to Quash Defendant's Subpoena to Hewlett-Packard (Doc. 1, case no. 8:21-mc-56-KKM-SPF) is DENIED. No later than **May 20, 2021**, Hewlett-Packard shall produce non-privileged responsive documents to Jabil and Essentium simultaneously. To the extent that Hewlett-Packard withholds any document on the basis of a claim of privilege, it shall provide Jabil and Essentium an appropriate privilege log.

3. Plaintiff's Motion to Quash Defendant's Subpoena to 3D Systems (Doc. 1, case no. 8:21-mc-57-KKM-SPF) is GRANTED in part and DENIED in part. No later than **May 20, 2021**, Non-Party 3D Systems is directed to produce to Jabil and Essentium all nonprivileged documents responsive to Request 6 of the Subpoena (Doc. 1-3). 3D Systems is directed to produce documents responsive to Requests 1-5 and 7-13 directly to Jabil. To the extent that 3D Systems withholds any document on the basis of a claim of privilege, it shall provide Jabil and Essentium an appropriate privilege log.

4. Plaintiff's Motion to Quash Defendant's Subpoena to Xerox (Doc. 1, case no. 8:21-mc-58-KKM-SPF) is GRANTED in part and DENIED in part. No later than **May 20, 2021**, Non-Party Xerox is directed to produce to Jabil and Essentium all non-privileged documents responsive to Request 6 of the Subpoena (Doc. 1-3). Xerox is directed to produce non-privileged documents in response to Requests 1-5 and 7-11 directly to Jabil. To the extent that Xerox withholds any document on the basis of a claim of privilege, it shall provide Jabil and Essentium an appropriate privilege log.

5. Plaintiff's Motion to Quash Defendant's Subpoena to Desktop Metal (Doc. 1, case no. 8:21-mc-62-KKM-SPF) is GRANTED in part and DENIED in part. No later than **May 20, 2021**, Non-Party Desktop Metal is directed to produce to Jabil and Essentium all non-privileged documents responsive to Request 6 of the Subpoena (Doc. 1-3). Desktop Metal is directed to produce non-privileged documents responsive to Requests 1-5 and 7-11 directly to Jabil. To the extent that Desktop Metal withholds any document on the basis of a claim of privilege, it shall provide Jabil and Essentium an appropriate privilege log.

6. No later than **June 17, 2021**, Jabil shall produce to Essentium all documents received from the Non-Parties that are not protected from disclosure by either the Roadrunner Protective Order or a claim of privilege. Jabil shall provide a log listing any documents withheld on the basis of the Roadrunner Protective Order or a claim of privilege.

7. Jabil is directed to provide a copy of this Order to Milacron, Hewlett-Packard, 3D Systems, Xerox, and Desktop Metal.

8. Jabil's requests for attorneys' fees incurred in connection with the instant motions and replies are DENIED.

**ORDERED** in Tampa, Florida, on May 6, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE